STATE BOARD OF TAX APPEALS.

THOMAS J. FINNEGAN ET AL., EXECUTORS OF THOMAS J. FINNEGAN, DECEASED, PETITIONERS, v. CITY OF JERSEY CITY, RESPONDENT.

Decided April 21, 1942.

For the petitioners, *John I. O'Neill.*

For the respondent, *Frank P. McCarthy.*

QUINN, President. The sole issue before us upon this appeal is as to whether intangible personalty of the petitioners, assessed by the City of Jersey City for the year 1940 in the sum of $8,500, is properly subject to deduction in the amount of two mortgage bonds executed by the decedent during his lifetime, in favor of a New Jersey bank, in the sum of $23,882. If so, there is, of course, no taxable balance remaining. If not, the assessment is conceded to be valid and must be affirmed.

The statute relied upon by petitioners, *R. S.* 54:4-14; *N. J. S. A.* 54:4-14, provides that the assessor may deduct from the valuation of a taxpayer's personalty "all debts *bona fide* due and owing from such persons to creditors residing in the state * * *." Such debts are deductible only from intangible personalty. *R. S.* 54:4-15; *N. J. S. A.* 54:4-15. The question before us is as to whether a mortgage debt is within the act. Some light on the problem is afforded by a consideration of the rationale of the allowance of debt deductions

generally. This is twofold. Firstly, the objective is to tax the property owner's net equity, determinable after deduction of debts from gross assets. Secondly, it is sought to avoid the double taxation which would arise if choses in action were taxable to the obligees (as they generally are, *R. S.* 54:4-1, 54:4-12; *N. J. S. A.* 54:4-1, 54:4-12), without being deductible from the taxable valuations of the obligors. While there are various statutory deviations from these broad objectives, they are fundamental underlying principles, and no result should be countenanced which would violate them, unless expressly required by the act. Let us consider the application of these principles to real estate mortgage debts.

*R. S.* 54:4-33; *N. J. S. A.* 54:4-33 provides as follows:

"No mortgage or debt secured by mortgage on real property which is taxed in this state shall be listed for taxation, and no deduction from the assessed value of real property shall be made by the assessor on account of any mortgage debt, but the mortgagor or owner of the property paying the tax on mortgaged real property shall be entitled to credit on the interest payable on the mortgage for so much of the tax as is equal to the tax rate applied to the amount due on the mortgage, except where the parties have otherwise agreed, or where the mortgage is an investment of funds not subjcet to taxation, or where the parties have lawfully agreed that no deduction shall be made from the taxable value of the lands by reason of the mortgage. Bonds or obligations issued by a railroad or public utility company of any state shall be exempt from taxation while owned by a savings bank or institution for savings of this state."

Two significant things are at once apparent. The mortgage is not taxable to the mortgagee at all, and double taxation would therefore not arise by the operation of a denial of a debt deduction in favor of the mortgagor. Further, and more important, the act specifically provides a means of enabling the mortgagor to avoid paying tax on any more than his equity in the property, by allowing credit on the interest payable on the mortgage for the amount of the tax allocable to the mortgage obligation. That mortgagors frequently waive this right, is not here material. As stated by Judge

Jess, as president of the State Board of Equalization of Taxes, in an identical situation in the case of *Nucoa Butter Co.* v. *City of Bayonne,* 36 *N. J. L. J.* 315 (*New Jersey Tax Reports, 1912-1934, p.* 69) :

"If the taxpayer wishes an allowance for his debts secured by real mortgages, the statute prescribes the method by which he may obtain it, after expressly providing that he cannot deduct such debts from the assessed value of his real property. The presumption is that he exercises the right given by the statute to claim credit on the mortgage interest for so much of the tax as is equal to the tax rate applied to the mortgage debt. It is inconceivable that in addition to taking advantage of this means of offsetting his mortgage debt against his liability on real property, the legislature intended that the taxpayer might also use the same debt to reduce his tax liability on personal property."

We see no reason why the conclusions of Judge Jess should not be followed in the instant case, no statutory change having taken place since that decision. While the statute is not clear, and on its face is susceptible of the contrary conclusion, we are moved by the fact that in the experience of the members of the board, realty mortgage debts have never been claimed or allowed as deductible from personalty, anywhere in the state. Legislative silence in the face of such a common understanding and practice is a strong indication of its conformance with the legislative intent in the matter.

The appeal will therefore be dismissed and the assessment affirmed.

Judgment accordingly.